# EXHIBIT A

# UNITED STATES DISTRICT COURT

for the

Middle District of North Carolina  [▼]

| | |
|---|---|
| Robert Sims, et al. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 1:15-CV-732-CCE-JEP |
| BB&T Corporation, et al. | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:
HS2 Solutions, Inc.
4115 N. Ravenswood Ave., #101, Chicago, IL 60613

*(Name of person to whom this subpoena is directed)*

**X** *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See Schedule A hereto.

| Place: McGuire Woods, LLP<br>77 W Wacker Dr #4100<br>Chicago, IL 60601 | Date and Time:<br><br>11/22/2017 9:30 a.m. |
|---|---|

⎯ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 11/07/2017

|  CLERK OF COURT  | |
|---|---|
| | OR |
| _____ | _Et T. Null_ |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* BB&T Corporation, e _____, who issues or requests this subpoena, are:

Brent F. Powell, Womble Bond Dickinson (US) LLP, 1 W. 4th Street, Winston-Salem, NC 27106,
Brent.Powell@wbd-us.com; 336-728-7023

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:15-CV-732-CCE-JEP

# PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☑ I served the subpoena by delivering a copy to the named person as follows:   See below. _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date:   11/28/2017 _____

_____
*Server's signature*

Brent F. Powell
_____
*Printed name and title*
Womble Bond Dickinson (US) LLP
One West Fourth Street
Winston-Salem, NC 27101

_____
*Server's address*

Additional information regarding attempted service, etc.:
Service was obtained by Fed Ex addressed to Keith Schwartz, President, HS2 Solutions, Inc., 4115 N. Ravenswood Avenue, Chicago, IL 60613 and by certified mail addressed to Keith Schwartz, President, HS2 Solutions, Inc., 4115 N. Ravenswood Avenue, Chicago, IL 60613. A copy of the Fed Ex confirmation and certified mail receipt are attached.

| | |
|---|---|
| **From:** | TrackingUpdates@fedex.com |
| **Sent:** | Thursday, November 09, 2017 10:55 AM |
| **To:** | Harred, Stephanie |
| **Subject:** | FedEx Shipment 788382928459 Delivered |

EXTERNAL EMAIL: Open Attachments and Links With Caution.

---

This tracking update has been requested by:

Company Name:      Womble Bond Dickinson (US) LLP
Name:                      Brent Powell
E-mail:                     Brent.Powell@wbd-us.com

Message:                 PSShip eMail Notification

---

Our records indicate that the following shipment has been delivered:

Reference:                  22836-0117.2/2245
Ship date:                  Nov 8, 2017
Signed for by:            A.SUMPTER
Delivery location:        CHICAGO, IL
Delivered to:             Receptionist/Front Desk
Delivery date:            Thu, 11/9/2017 9:52 am
Service type:             FedEx Priority Overnight
Packaging type:          FedEx Envelope
Number of pieces:             1
Weight:                      0.50 lb.
Special handling/Services      Adult Signature Required
                                  Deliver Weekday
Standard transit:           11/9/2017 by 10:30 am

Tracking number:            788382928459

Shipper Information                Recipient Information
Brent Powell                        Keith Schwartz President
Womble Bond Dickinson (US) LLP        HS2 Solutions, Inc.
One West Fourth Street              4115 N RAVENSWOOD AVE
Winston-Salem                       CHICAGO
NC                            IL
US                            US
27101                              60613

1

| Return Receipt (Form 3811) Barcode | COMPLETE THIS SECTION ON DELIVERY |
|---|---|

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  ☐ Agent  ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery
Scott Mangum          1/20/2017

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:          ☐ No

9590 9266 9904 2106 1242 82

**1. Article Addressed to:**

Keith Schwartz, President
HS2 Solutions, Inc.
4115 N. Ravenswood Ave., #101
Chicago, IL 60613-

**Reference Information**

3. Service Type:
☒ Certified Mail 01172
☐ Certified Mail Restricted Delivery
          Reference Information
          Brent Powell

**2. Certified Mail (Form 3800) Article Number**

9414 7266 9904 2109 6243 97

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A – REQUESTED DOCUMENTS

## DEFINITIONS

The following definitions apply to the document requests ("Requests") contained herein:

1. **Communication.** The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

2. **Concerning.** The term "concerning" means relating to, referring to, describing, evidencing or constituting.

3. **Defined Contribution Plan.** The term "Defined Contribution Plan" means a retirement plan which provides for an individual account for each participant and for benefits based solely on the amount contributed to the participant's account, and any income, expenses, gains and losses, and any forfeitures of accounts of other participants which may be allocated to such participant's account.

4. **Document.** The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in the Federal Rules of Civil Procedure, including, without limitation, electronic or computerized data compilations. A draft or non-identical copy is a separate document within the meaning of this term.

5. **Person.** The term "person" is defined as any natural person or any business, legal or governmental entity or association.

6. **You and Your**. "You" and "Your" refer to HS2 Solutions, Inc. and its subsidiaries, affiliates, predecessors, successors, officers, directors, employees,

1

shareholders, partnerships, general and limited partners thereof and any trade or business names thereof.

7. **All/Any/Each.** The terms "all," "any," and "each" shall be construed as encompassing all, any and each.

8. **And/Or.** The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Request all responsive documents that might otherwise be construed to be outside of its scope.

9. **Number.** The use of the singular form of any word includes the plural and vice versa.

## INSTRUCTIONS

1. Pursuant to Fed. R. Civ. P. 45, You are required to produce for inspection and copying the requested documents in accordance with the definitions and instructions set forth herein by providing copies of same to counsel of record for Defendants by no later than 9:00am on November 22, 2017.

2. The time period covered by this subpoena is January 1, 2007 to the present.

3. Your production of documents or information in response to this subpoena is subject to the Protective Order in this case (attached as Exhibit B). Per the terms of the Protective Order, You may designate responsive documents as either Confidential or Highly Confidential if they meet the requirements for such designation.

4. These Requests are intended to cover all documents in Your possession, or in or subject to Your custody or control, regardless of the location of such documents,

2

including (without limitation) documents in the possession, custody, or control of Your employees, representatives, attorneys, advisors, or consultants.

5.     If, in responding to these Requests, You perceive any ambiguity in a particular document request, definition, or instruction, Your response should set forth the matter deemed ambiguous and the construction used in responding.

6.     In these Requests, including the Definitions set forth above, references to any individual include the individual and any person or entity under that individual's control, including, but not limited to, all present and former subsidiaries, affiliates, predecessors, successors, officers, directors, employees, shareholders, partnerships, general and limited partners thereof and any aliasesor trade or business names used by any of the foregoing.

7.     You are under a duty to reasonably supplement Your responses to these Requests.  In addition, You are under a duty to amend a prior response if You obtain information on the basis of which You know that the response was incorrect when made, or that the response, though correct when made, is no longer true, and the circumstances are such that a failure to amend the response is, in substance, a knowing concealment.

8.     If any document or portion thereof responsive to any Request is withheld from production, including on the grounds of attorney-client privilege or the work-product doctrine, provide a privilege log containing all information required by the Federal Rules of Civil Procedure, including but not limited to the following:   (i) the author(s) and recipient(s) of the document; (ii) the date of the document; (iii) the nature

3

(*e.g.*, letter or memorandum); (iv) the subject matter of the document; and (v) the ground upon which the document is withheld from production.

9.     In producing documents, all documents that are physically attached to each other shall be produced in that form. Documents are to be produced in their entirety and without redaction. Documents that are segregated or separated from other documents, whether by inclusion in binders, files or sub-files, or by the use of dividers, tabs or any other method, shall be produced in that form. Documents shall be produced in the order in which they were maintained in the usual course of business, or shall be organized and labeled to correspond to particular document requests. Additionally, in accordance with Fed. R. Civ. P. 45(a)(1)(C), the following format is specified for production of electronically-stored information, which shall govern absent any subsequent modification by prior written agreement between BB&T Defendants and You:

     a.     **General Format of Production**:  You shall produce each responsive and nonprivileged electronic document electronically as: (a) a Bates-stamped 300 dots per inch (dpi) searchable multi-page PDF or multi-page Group IV TIFF image, with the text delivered as a single text file for each document, not one text file per page; and (b) load files that will enable each document to be uploaded and viewed using standard litigation support software in Summation®, Catalyst®, and Concordance® or other mutually agreeable format. All electronic production shall be produced to the receiving party on a CD-ROM, DVD or a portable hard drive.

b.    **Production of Physical Documents:**  Documents which exist solely in physical hard-copy format shall be converted to a Bates-stamped 300 dots per inch (dpi) multi-page PDF or multi-page Group IV TIFF image and produced following the same protocols outlined in paragraph 7(a) above.  Each such document shall include a corresponding load file identifying the custodian from which the document was collected.  The OCR should be produced as one text file per document.  The text files should be named to match the begcontrol number for each document.

c.    **Metadata:**  Metadata information should be produced in a separate load file or load files in the Concordance DAT file format, or other mutually acceptable format. The DAT file or other mutually agreeable format should provide the following metadata fields:  (1) title or subject; (2) to, from (or author, if not e-mail), cc, bcc and/or recipient(s); (3) last date/time modified; (4) date/time created; (5) date/time sent; (6) date/time  received; (7) attachment relationship to original email; (8) custodian(s) from which each document was collected; (9) document date; (10) Bates number; (11) Bates range for a family of documents; and (12) Hash value (MD5 or SHA-1).

d.    **Exceptions Requiring Native File Production:**  Notwithstanding paragraph 7(a), above, electronic documents such as Microsoft Excel files or other spreadsheet programs, Microsoft PowerPoint files, database files, and any other file types that reasonably require viewing in their native format for a full understanding of their content and meaning, shall be produced in their native

5

format with all metadata intact and linked to a PDF or TIFF placeholder containing the correlating Bates number.

10.     None of the Requests set forth below should be construed as an admission as to any legal or factual matter in dispute between the parties.

## <u>DOCUMENT REQUESTS</u>

1.     Documents sufficient to identify all Defined Contribution Plans with 15,000 or more participants, and the identity of the sponsors of those Defined Contribution Plans, to which Martin Schmidt provided any consulting services from January 1, 2007 to present.

2.     All Documents provided by You or Mr. Schmidt to the Defined Contribution Plans and/or the plan sponsors identified in response to Request No. 1 regarding recordkeeping services or the fees, cost or expense of recordkeeping services.

3.     All Documents provided by You or Mr. Schmidt to the Defined Contribution Plans and/or the plan sponsors identified in response to Request No. 1 regarding plan administration services (other than recordkeeping) or the fees, cost or expense of plan administration services.

4.     All Documents provided by You or Mr. Schmidt to the Defined Contribution Plans and/or the plan sponsors identified in response to Request No. 1 regarding any fees, cost or expense paid by or charged to participants in those plans.

6

5.     All Documents provided by You or Mr. Schmidt to the Defined Contribution Plans and/or the plan sponsors identified in response to Request No. 1 regarding revenue sharing.

6.     All Documents provided by You or Mr. Schmidt to the Defined Contribution Plan and/or the plan sponsors identified in response to Request No. 1 regarding plan expense reimbursement accounts.

7.     All Documents provided by You or Mr. Schmidt to the Defined Contribution Plans and/or plan sponsors identified in response to Request No. 1 regarding the selection or monitoring of plan investments.

8.     Any requests for bids, requests for information, requests for proposal, or requests for quotes, and any bids, quotes, proposals or responses received in response to any of the foregoing, that You or Mr. Schmidt issued, solicited, sent, or received on behalf of any Defined Contribution Plan and/or plan sponsor identified in response to Request No. 1.

9.     All contracts between You and the Defined Contribution Plans and/or plan sponsors identified in response to Request No. 1.

7

# EXHIBIT B

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| BURKE BOWERS, et al. <br><br> Plaintiffs, <br><br> v. <br><br> BB&T CORPORATION, et al. <br><br> Defendants. | No. 1:15-CV-732 |
| BREWSTER SMITH, JR., et al., <br><br> Plaintiffs, <br><br> v. <br><br> BB&T CORPORATION, et al., <br><br> Defendants. | No. 1:15-CV-841 |

## **ORDER**

Defendants BB&T Corporation, et al. and Plaintiffs Burke Bowers, et al. and Brewster Smith, Jr. et al., (collectively, "the Parties"), are presently involved in discovery in this consolidated Action. The Parties recognize that such discovery may involve trade

secrets, information regarding confidential business practices, and other valuable research, development, commercial, business, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Discovery may also involve non-public personal information, personally identifiable financial information, and information which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.

Accordingly, pursuant to Middle District of North Carolina Local Rule 26.2(c), the Parties request that the Court enter this Protective Order to protect the legitimate business and personal interests of the Parties disclosing such information and to facilitate and expedite the discovery process and prevent the Court from having to conduct hearings on each document or category of documents a party seeks to protect from disclosure.

***THEREFORE, IT IS HEREBY ORDERED THAT***:

1.     In connection with pretrial discovery proceedings in this Action, a Party, including any Third Party, providing or producing information in any form, including documents and/or all materials within the scope of Fed. R. Civ. P. 34, ESI, tangible things, written discovery responses, answers to requests to admit, and testimony, may designate such items as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

2.     The designation "CONFIDENTIAL" shall be limited to information that the designating Party reasonably believes contains:

(a)     Non-public or confidential research, proprietary/confidential business

2

information or materials, development, or commercial information; or

(b)    Personal information of a private or sensitive nature including, but not limited to, nonpublic financial information regarding Plaintiffs or other consumers or private information that, if disclosed, may cause substantial harm to a person, such as bank account statements and income tax returns; or

(c)    Any other documents or information that should otherwise be subject to confidential treatment under Fed. R. Civ. P. 26.

3.    The designation "HIGHLY CONFIDENTIAL" shall be limited to information that the designating party reasonably believes contains:

(a)    Personal account information, including but not limited to individual medical claims appeals, personal account statement information, social security numbers, or personal health information.

(b)    Trade secret or competitive pricing information or competitive financial information;

4.    If a Party in good faith believes that information not falling within the categories designated in Paragraph 3(a) or (b) nonetheless requires "HIGHLY CONFIDENTIAL" designation, the Party may designate such information as HIGHLY CONFIDENTIAL. The designating party shall promptly and specifically identify any such materials to the receiving party and provide the basis for its belief that the materials should be subject to "HIGHLY CONFIDENTIAL" designation. If the receiving party objects to

3

the designation, the procedures set forth in paragraph 10 shall apply.

5.      Information or materials designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," along with items or portions thereof that are so designated and the information contained in the documents and other materials:

(a)     shall be disclosed, whether oral, written or otherwise, only to the extent permitted by this Protective Order;

(b)     shall be used solely for the purpose of the preparation and trial of this Action;

(c)     shall not be used, directly or indirectly, by any Party for any business, commercial, or competitive purpose, and

(d)     unless the parties mutually agree, no person receiving such information shall, directly or indirectly, use, transfer, disclose, or communicate in any way the information to any person other than those specified in Paragraphs 10 and 11.   Any other use is prohibited.

6.      All copies, excerpts, summaries, compilations, testimony, conversations, presentations, documents, or records that include, communicate, or reveal material designated "CONFIDENTIAL" or 'HIGHLY CONFIDENTIAL" are themselves deemed to constitute confidential matters of the same type whether or not marked or designated as such.

7.      Documents   are   designated   as   "CONFIDENTIAL"   or   "HIGHLY

4

CONFIDENTIAL" by placing or affixing on them (in a manner that will not interfere with their legibility) the following notice: "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." Stamping the notices "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" on the cover of any multi-page document or ESI shall designate all parts of the document or ESI as such unless otherwise stated by the Producing Party. The inadvertent failure to designate Confidential Information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" in accordance with this Protective Order prior to or at the time of disclosure shall not operate as a waiver of the Producing Party's right to thereafter designate such information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" prior to trial. A preliminary production of documents or ESI made solely for the purpose of inspection and designation for copying by the Receiving Party shall not constitute a waiver of any privilege, protection, or confidentiality, even if those documents have not been marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

8.      Any confidential information not reduced to documentary, ESI, tangible or physical form, or which otherwise cannot conveniently be designated in the manner set forth in Paragraph 7 above, shall be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" by the Producing Party by informing the Receiving Party in writing that the information is designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" in accordance with this Protective Order.

9.      The Court has the ultimate authority to determine whether information or material should be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL"

notwithstanding a Party's decision to so designate the information or material.

10.     Neither the designation by a Party of any document, information, or deposition testimony as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" hereunder, nor its receipt by any other Party, shall constitute a concession that the document, information, or deposition testimony is so designated.  In the event that any Party objects at any point in these proceedings to the designation of any document or information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," the objecting Party shall provide written notice of the objection to the designating Party, specifying the materials that are the subject of the objection. The Parties shall confer in good faith within five days of service of the notice in an effort to resolve the objection.  If the dispute cannot be resolved, the objecting Party must seek appropriate relief from the Court, including an order that the documents or information should not be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" or that specified provisions of this Protective Order shall not apply to the documents or information.  The designating Party shall have the burden of proof on any such motion to establish the propriety of its confidentiality designation.   Any documents in dispute shall be treated as originally designated pending resolution by the Court.

11.     Nothing in this Protective Order shall prevent any Party from objecting to discovery that it believes is improper.

12.     Documents   and   all   other   types   of   information   designated   as "CONFIDENTIAL" by the Producing Party and all information contained therein shall be

kept confidential by the Receiving Party, shall be used solely for the prosecution or defense of this Action, and shall be disclosed or made available only to the Court and its staff, including court reporters, and the following persons:

(a)     The Individual Parties to the Action;

(b)     Counsel of Record for Plaintiffs;

(c)     Counsel of Record for Defendants;

(d)     In-house counsel for each Defendant responsible for supervising this Action;

(e)     Partners, associates, paralegals, secretaries, and other personnel employed or retained by or working under the supervision of counsel described in Subparagraphs (b) & (c) who are actively engaged in assisting such counsel in this Action;

(f)     Outside consultants, technical advisors, and expert witnesses (whether designated as trial witnesses or not), and their respective assistants and clerical staff, who are actively engaged in assisting the counsel described in Subparagraphs (b) and (c) in this Action;

(g)     Persons identified on the face of the document in question as an author, addressee, or other recipient of the document;

(h)     A witness at any deposition or other proceeding, or any person counsel reasonably believes may be a witness in this Action;

(i)     Defendants' current and former officers, directors, in-house counsel

7

and employees deemed necessary to aid counsel in the conduct of the above-captioned action;

(j)     Copying or imaging services or court reporters associated with or retained by a party in connection with this action;

(k)     A settlement judge or mediator to whom the Parties mutually agree; and

(l)     Any other person or entity to whom counsel for the producer or provider of the confidential information agrees in writing, or whom the Court directs, shall have access to such information.

13.     Documents and all other types of information designated as "HIGHLY CONFIDENTIAL" by the Producing Party and all information contained therein shall be kept confidential by the Receiving Party, shall be used solely for the prosecution or defense of this Action, and shall be disclosed or made available only to the Court and its staff, including court reporters, and the following persons:

(a)     Counsel of Record for Plaintiffs;

(b)     Counsel of Record for Defendants;

(c)     In-house counsel for each Defendant responsible for supervising this Action;

(d)     Partners, associates, paralegals, secretaries, and other personnel employed or retained by or working under the supervision of counsel described in Subparagraphs (a) & (b) who are actively engaged in

8

assisting such counsel in this Action;

(e)    Outside consultants, technical advisors, and expert witnesses (whether designated as trial witnesses or not), and their respective assistants and clerical staff, who are actively engaged in assisting the counsel described in Subparagraphs (a) and (b) in this Action;

(f)    Current officers and employees of Defendants (except Plaintiffs);

(g)    Former officers and employees of Defendants (i) identified on the face of the document in question as an author, addressee, or other recipient of the document; or (ii) who in the course of his or her employment activities would have likely reviewed such document; or (iii) who in the course of his or her employment activities is familiar with the subject matter of the document;

(h)    Persons identified on the producing party's Rule 26 initial disclosures;

(i)    Defendants' current and former officers, directors, in-house counsel and employees deemed necessary to aid counsel in the conduct of the above-captioned action;

(j)    Copying or imaging services or court reporters associated with or retained by a party in connection with this action;

(k)    A settlement judge or mediator to whom the Parties mutually agree; and

(l)    Any other person or entity to whom counsel for the producer or

provider of the highly confidential information agrees in writing, or whom the Court directs, shall have access to such information.

In addition, the parties agree that Plaintiffs, with at least four (4) days notice to the producing party, may show any document designated by Defendants as "HIGHLY CONFIDENTIAL" to any third party at a deposition or hearing, unless Defendants object to such disclosure. If Defendants object to any such disclosure, they must do so at least two (2) days prior to the deposition or hearing and they bear the burden of establishing why the former employee or third party should not be allowed to view the document. In the event the four days advance notice is not feasible or possible, Defendants' counsel will first be provided the designated document prior to tendering the document to the deponent or witness and Defendants' counsel will be provided a reasonable amount of time during the deposition or hearing to lodge an objection prior to its use. Defendants will bear the burden of establishing why the former employee or third party should not be allowed to view the document.

If Plaintiffs' counsel determines in good faith that it needs to disclose to the named Plaintiffs any document designated by Defendants as "HIGHLY CONFIDENTIAL," Plaintiffs' counsel will notify Defendants and the parties will meet-and-confer within five (5) business days to discuss Plaintiff's request.

14. All individuals to whom "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information is to be disclosed shall be informed of the existence of this Protective Order, shall be provided with a copy thereof, and shall be instructed that material

designated pursuant to this Protective Order may not be used other than in connection with this Action and may not be disclosed to anyone other than those persons contemplated by this Protective Order. Counsel for the Parties shall take reasonable steps to ensure adherence to the terms and conditions of this Protective Order by their respective personnel specified in Paragraphs 12(e) and 13(d). Use of documents designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" by the persons described in Paragraphs 12(f) and 13(e) shall be solely for evaluation, testing, testimony, preparation for trial, or other services related to this Action. Before any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" documents are shown to any such person, that person shall execute a "Non-Disclosure Agreement" in the form attached as Exhibit A hereto, stating that he or she has read and understands this Protective Order and agrees to be bound by its terms. The original Exhibit A shall be maintained by counsel of record for the Party on whose behalf the person has been employed or retained.

15.     If any court, arbitration tribunal, or an administrative or government agency requests, demands, subpoenas, or orders production of material designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" that a Party has obtained under the terms of this Protective Order, before turning over the material such Party shall, as soon as reasonably practicable after receipt of such request, demand, subpoena, or order, notify the Party that so designated the material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" of the pendency of such request, demand, subpoena, or order, and afford a reasonable opportunity for the Party that so designated such material to oppose the

11

request, demand, subpoena, or order and will not produce the material before the date compelled by law. Nothing in this paragraph is intended to require a party to disobey a lawful request, demand, subpoena or order.

16. Third parties producing documents in the course of this Action may also designate information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," subject to the same protections and constraints as the Parties to the Action. A copy of the Protective Order shall be served along with any subpoena served in connection with this Action. All documents produced by such third parties shall be treated as "CONFIDENTIAL" for a period of fourteen (14) days from the date of their production, and during that period any Party may designate such documents as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" pursuant to the terms of this Protective Order.

17. Deposition testimony and the transcripts and video recordings of depositions conducted during pretrial discovery in this Action shall be treated as "CONFIDENTIAL" for a period of fifteen (15) business days after receipt of such deposition transcript and/or video recordings, to allow time for the deponent or counsel for that deponent, or any Party or its counsel, to notify all Parties in writing of any designation of those pages of the transcript or portions of the recording to be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." A Party may also designate matter disclosed during a deposition as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" by so stating on the record during the deposition; the other Party may, but need not, object to such designation on the record. After any designation made according to the procedure set forth in this Paragraph, the

12

designated matter shall be treated according to the designation until any dispute is resolved according to the procedures described in Paragraph 10 above. The deposition of any witness (or any portion of such deposition) that encompasses information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall be taken only in the presence of persons who are qualified to have access to such information.

18. If materials designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" or quotations from and/or references to such materials are to be included in papers filed with the Court, the filing party shall seek leave to file such papers under seal pursuant to the procedures set forth in Local Rule 5.4. Neither the filing of a motion for leave to file under seal nor the filing of any such materials under seal will prejudice the filing party's rights to challenge the designation of such materials as "CONFIDENTIAL" or 'HIGHLY CONFIDENTIAL" or subject to sealing, to oppose sealing, or to move to unseal documents. This Paragraph shall not apply to the Parties' submission of exhibits for trial, nor the handling of exhibits during trial. Before disclosure at trial or a hearing of materials or information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," the Parties may seek further protections against public disclosure from the Court for good cause shown.

19. Nothing herein shall impose any restrictions on the use or disclosure by a Party of information obtained by such Party independent of discovery in this Action, whether or not such information is also obtained through discovery in this Action, or from disclosing its own "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information as it

13

deems appropriate except to the extent that such information also includes information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" by another Party.

20.    The Parties agree that either party may redact documents on the basis of:

(a) any applicable legal privilege; or

(b) to protect confidential personal account information that is not relevant to any issue in this litigation, including but not limited to information regarding medical claims appeals, personal statements, account information, social security numbers, or protected health information.

21.    If a Party in good faith believes that information not falling within the categories designated in Paragraph 20(a) or (b) nonetheless should be redacted, the Party may redact such information. However, such redaction shall reveal sufficient information (such as document headings) to provide the receiving party the context of the information at issue. In the event it is not feasible for the producing party to provide sufficient information without revealing the content of the claimed protected information at issue, the producing party must provide a sufficient description of the redacted information, and also provide all metadata fields for the document(s) at issue as agreed to between parties in a subsequently negotiated protocol on the production of hard-copy and electronically stored information. The producing party shall promptly identify any such redacted materials to the receiving party and shall provide the basis for its belief that the materials should be redacted. If the receiving party objects to the redactions, the procedures set forth in

14

paragraph 10 shall apply. In the event of such a dispute, the producing party will provisionally provide to the receiving party, without any waiver, an unredacted copy of a representative sample of the same or substantially similar documents in dispute in order for the parties to meaningfully complete their meet and confer discussions. If the receiving party decides to seek judicial relief pursuant to paragraph 10, the producing party will file unredacted copies of all redacted documents at issue with the Court for *in camera* review. Nothing in this paragraph shall require a party to produce an unredacted copy of any document over which it asserts a legal privilege.

22. Federal Rule of Civil Procedure 26(b)(5)(B) and Federal Rule of Evidence 502(b) shall govern any inadvertent production of privileged materials.

23. Upon request of the Producing Party, within sixty (60) days after the final disposition of all claims and defenses in this Action, by settlement or expiration of time to appeal, all documents designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" or containing "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information, including all extracts, reproductions, and summaries of such information, shall be destroyed or returned to counsel for the producing Party or its counsel. Such destroyed or returned materials shall not include attorneys' notes or work product. Counsel of record for the Parties also shall be entitled to retain a set of all documents filed with the Court or presented at trial, related Exhibits, a full set of deposition transcripts, and all correspondence generated in connection with this Action. Counsel for each Party shall certify that the provisions of this Paragraph have been satisfied by sending opposing

counsel a letter confirming compliance within the sixty (60) day period.

24.     Nothing in this Protective Order shall be construed to prevent a Party from seeking such further provisions enhancing or limiting confidentiality or seeking modification of its terms as may be appropriate, including those provisions contained in paragraph 21.

25.     The entry of this Protective Order shall not constitute a waiver of any rights under any applicable law, court rules, or both.  Further, no action taken pursuant to this Protective Order shall be construed as a waiver of any claim or defense in this Action or of any position as to discoverability or admissibility of evidence.

26.     Any party aggrieved by a material and willful violation of this Protective Order by any Party, their employees, representatives, or agents, or any third party who executes the attached Non-Disclosure Agreement, may immediately apply to the Court for injunctive relief against the violating person or Party, and the existence of an adequate remedy at law shall not constitute a valid defense to such an application for injunctive relief. Nothing in this Protective Order shall preclude a Party from pursuing an action for damages based on the violation of the terms in this Protective Order.

27.     The obligations imposed by the Protective Order shall survive the termination of this Action. IT IS SO ORDERED.

This the 2nd day of November, 2016.

> _____/s/ Joi Elizabeth Peake_____
> United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF NORTH CAROLINA

|  |  |
|---|---|
| BURKE BOWERS, et al. | |
| Plaintiffs, | |
| v. | No. 1:15-cv-732 |
| BB&T CORPORATION, et al. | |
| Defendants. | |
| | |
| BREWSTER SMITH, JR., et al., | |
| Plaintiffs, | |
| v. | No. 1:15-cv-841 |
| BB&T CORPORATION, et al., | |
| Defendants. | |

## NON-DISCLOSURE AGREEMENT

I, _____, do declare that I am fully familiar with the terms of the Protective Order in this action, and hereby agree to comply with and be bound by the terms and conditions of said Order unless and until modified by an order of the Court and

17

that at the conclusion of the litigation I will return, or certify the destruction of, all confidential discovery information to the Party or attorney from whom I received it. I hereby consent to the jurisdiction of said Court for purposes of enforcing this Order.


**Executed On:** _____          _____
(Date)                                               (Signature)